148

## DE GARCIA et al. v. FIGUEROA & GAUTIER et al.

### No. 3389.

Circuit Court of Appeals, First Circuit.

March 2, 1939.

Kenneth B. Williams, of Boston, Mass. (Miguel Olmedo, of San Juan, Puerto Rico, on the brief), for appellants.

E. R. Langenbach, of Boston, Mass. (Samuel P. Sears, of Boston, Mass., on the brief), for appellees.

Before BINGHAM and WILSON, Circuit Judges, and BREWSTER, District Judge.

PER CURIAM.

This is an action of tort for personal injuries alleged to have been occasioned the plaintiff by the defendants' negligence.

The action was brought in the District Court for San Juan. In that court, after hearing on the merits, judgment was entered dismissing the complaint.

An appeal having been taken, the Supreme Court reviewed the evidence and reached the conclusion that the facts found by the trial court with regard to the manner in which the accident occurred were supported by a preponderance of the evidence. It then set out the facts as found by the District Court as follows:

"On the day of the accident Josefa de Garcia was about to cross Ponce de Leon Avenue from north to south at a point more or less in front of the Capitol Building; that she came out on the street from the front of an automobile which was parked on the same side of the Avenue looking towards San Juan; that the defendant, Augusto Gautier, was driving a car in the direction of San Juan, well to his right and at a slow rate of speed; that at the very moment in which the defendant's car was traveling past the parked vehicle, the plaintiff stepped out and in front of the defendant making it absolutely impossible for him to stop in time to avoid striking her, but that he realized the moment when the front right wheel ran over the plaintiff and then stopped the car; that the defendant then took the plaintiff to the hospital and had her attended to by a doctor."

And in addition to this the Supreme Court stated that there was no real basis on which to alter the findings of fact of the District Court; that the evidence as a whole showed that this was an unfortunate accident for which the defendants were not responsible, and entered an order affirming the judgment of the District Court.

On the appeal to this court the plaintiff has assigned three errors. The first is not relied on, and reasonably so, for the only question it presents is one going to the weight of the evidence. Counsel for the plaintiff seem to think that the remaining two assignments raise a question of law, namely, that there was no evidence to support the finding that the defendants were not negligent.

■ We, however, think that none of the assignments of error presents questions of law; but, on the contrary, questions going to the weight of the evidence. But if it could be said that either the second or third assignment presents a question of law, both of the lower courts having found that the

defendants were not negligent and ordered the cause dismissed, the question of law would be, not whether there was any evidence to support the findings below, but whether no other conclusion could be reached from the evidence than that the defendants were negligent and that their negligence was the cause of the accident.

[2] In view of the conclusion reached by the Supreme Court that the facts found by the District Court were supported by a preponderance of the evidence, it is difficult to see how this court could say that, as a matter of law, no other conclusion could be reached than that the defendants were negligent and that their negligence was the sole cause of the accident.

■ The truth is the case presented a question of fact depending on conflicting evidence, involving the credibility of witnesses and the weight to be given to their testimony; and where such is the case, no question of law is presented.

The judgment of the Supreme Court is affirmed with costs to the appellees.